IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHY WOOD, | |
| Plaintiff, | Case No. |
| v. | |
| PRUITTHEALTH – TOCCOA, LLC, d/b/a PRUITT HEALTHCARE OF TOCCOA, | |
| Defendants. | |

**COMPLAINT FOR VIOLATIONS OF**
**THE AMERICAN WITH DISABILITIES ACT**

Plaintiff, Cathy Wood ("Wood" or "Plaintiff"), by and through her attorneys, Barrett & Farahany, for her Complaint against PruittHealth – Toccoa, LLC d/b/a Pruitt Healthcare of Toccoa, ("Pruitt"), states as follows:

**Introduction**

1. Plaintiff, Cathy Wood, interviewed for a certified nursing assistant ("CNA") position with Defendant and was hired on or about June 20, 2021. During the interview process, Plaintiff shared with the interviewers that she used hearing aids due to a disability with her hearing. The necessity of wearing the hearing aids at work was discussed and acknowledged during the interview.

2. After about a month on work, Plaintiff was approached by a supervisor and told she had to use a stethoscope to obtain blood pressures, despite there being alternative ways to obtain blood pressures. Plaintiff reminded the supervisor that she uses bilateral hearing aids and that she could not utilize a stethoscope. The supervisor ignored Plaintiff, ignored that blood pressures

could be taken with alternative means and thereafter harassed and retaliated against the Plaintiff because of her disability.

3. Defendant, through its supervisor and other employees, including human resources, failed to accommodate Plaintiff given her disability, harassed and retaliated against Plaintiff because of her disability, and wrongfully terminated Plaintiff's employment on December 23, 2021.

## Parties

4. Plaintiff, Cathy Wood (hereinafter "Plaintiff" or "Englund") is a citizen of the United States and of the State of Georgia who at all relevant times resided within the territorial jurisdiction of the United States District Court of Georgia. At all relevant times she was a qualified individual with a disability and an employee as defined by the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

5. Pruitt is a corporation that at all relevant times regularly conducted business within the territorial jurisdiction of the United States District Court of Georgia. During all times relevant hereto, Defendant was a covered employer under the American with Disabilities Act, 42 U.S.C. 12101, *et seq*.

## Jurisdiction

6. Plaintiff flied a charge with the United States Equal Employment Opportunity Commission, Charge No. 11B-2022-00095.

7. Plaintiff received a Right to Sue letter and filed this Complaint within 90 days of receipt of the Notice of the Right to Sue.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this claim involves a federal question brought under the American with Disabilities Act, 42 U.S.C. 12101, *et seq*.

### Venue

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### Facts

10. Plaintiff is a long time certified nursing assistant.

11. Plaintiff has a hearing disability that requires her to use bilateral in-ear hearing aids.

12. With her hearing aids, Plaintiff performed, and can perform, all necessary functions of a CNA, with appropriate accommodations.

13. Plaintiff, Cathy Wood, interviewed for a position with Pruitt and was hired on or about June 20, 2021.

14. During the interview process, Plaintiff shared with the interviewers that she used hearing aids due to a disability with her hearing.

15. The necessity of wearing the hearing aids at work was discussed and acknowledged during the interview.

16. All those present during the interview process understood the work restrictions and acknowledged that any offer of employment would honor those accommodations.

17. During the interview everyone noted that Plaintiff was highly qualified for the position and that she would be given consideration for it despite her disability.

18. Plaintiff was offered, and accepted, the position of CAN at Pruitt.

Plaintiff worked as a CNA.

19.     Plaintiff began work for Pruitt as a CNA and performed all job functions and responsibilities without incident.

20.     Despite using hearing aids, she did not experience any difficulties in meeting any and all responsibilities and duties of a CNA.

Supervisor informs Plaintiff that she needs to use stethoscope to do blood pressure readings.

21.     Approximately a month after working as a CNA, a supervisor informed Plaintiff that she needed to use a stethoscope to perform blood pressure readings.

22.     Plaintiff informed the supervisor that she is able to obtain the blood pressure readings in other acceptable manners and cannot use a stethoscope due to her hearing aids.

23.     The supervisor informed Plaintiff she would not be honoring such an accommodations and informed Plaintiff to use a stethoscope to obtain blood pressure readings.

Plaintiff's is further harassed.

24.     After the interaction with the supervisor above, Plaintiff continued to be harassed and retaliated against by Defendant, through its employees and supervisors, due to her disability and use of hearing aids through verbal attacks, unfounded complaints, unfounded disciplinary actions, denial of pay and bonuses, and other retaliatory actions.

25.     Plaintiff went to Human Resources to complain of the harassment and retaliation.

26.     Despite going to Human Resources, the retaliation and harassment persisted and even worsened.

Plaintiff is terminated.

27. Plaintiff continued to perform her job in a satisfactory and proper manner despite the continued harassment and retaliation.

28. Plaintiff continued to perform her job in a satisfactory and proper manner despite repeated attempts to deny her accommodation of the use of hearing aids.

29. Plaintiff continued to perform her job in a satisfactory and proper manner despite being retaliated against for her disability and use of hearing aids.

30. Pruitt terminated Plaintiff's employment based upon her disability and her need for accommodations.

## COUNT I
## DEMAND FOR RELIEF
## FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff restates and re-alleges paragraphs 1 through 30 as paragraph 31 of Count I.

32. By virtue of the foregoing, Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act entitled to an accommodation for her disability.

33. By virtue of the foregoing Defendant violated Plaintiff's rights under the Americans with Disabilities Act by failing to engage in the interactive process and grant a reasonable accommodation for her disability.

34. By virtue of the foregoing Defendant violated Plaintiff's rights under the Americans with Disabilities Act by retaliating against Plaintiff because of her disability and her need for an accommodation due to her disability.

35. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

36. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under the American with Disabilities Act, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Cathy Wood, respectfully requests that this Honorable Court enter judgment in her favor and against PruittHealth – Toccoa, LLC, for back pay, front pay, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**COUNT II**
**DEMAND FOR RELIEF**
**FOR HARASSMENT IN VIOLATION OF THE**
**AMERICANS WITH DISABILITIES ACT**

37. Plaintiff restates and re-alleges paragraphs 1 through 30 as paragraph 37 of Count II.

38. By virtue of the foregoing, Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act entitled to an accommodation for her disability.

39. By virtue of the foregoing Defendant violated Plaintiff's rights under the Americans with Disabilities Act by, through its employers and supervisors, harassing and discriminating against Plaintiff because of her disability and need for accommodation.

40. As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

41.     Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under the American with Disabilities Act, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Cathy Wood, respectfully requests that this Honorable Court enter judgment in her favor and against PruittHealth – Toccoa, LLC, for back pay, front pay, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

## COUNT III
## DEMAND FOR RELIEF
## FOR RETALIATORY TERMINATION IN VIOLATION OF
## THE AMERCIANS WITH DISABILITY ACT

42.     Plaintiff restates and re-alleges paragraphs 1 through 30 as paragraph 42 of this Count III.

43.     By virtue of the forgoing, Defendant terminated Plaintiff in retaliation for her having sought a reasonable accommodation in violation of the Americans with Disabilities Act.

44.     By virtue of the forgoing, Defendant terminated Plaintiff in retaliation for her having a disability and needed an accommodation for a disability in violation of the Americans with Disabilities Act.

45.     By virtue of the forgoing, Defendant terminated Plaintiff in retaliation for her needing an accommodation for a disability in violation of the Americans with Disabilities Act.

46.     As a result of Defendant's unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

47. Defendants' violations were taken with a willful and wanton disregard for Plaintiff's rights under the Americans with Disabilities Act, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Cathy Wood, respectfully requests that this Honorable Court enter judgment in her favor and against PruittHealth – Toccoa, LLC, for back pay, front pay, compensatory and punitive damages, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

Stephanie Englund

By: /s/ Aaron Maduff
    Aaron Maduff

By: /s/ Todd H. Rottman
    Todd H. Rottman

Aaron Maduff
Atty. No. 548978
Barrett and Farahany
P.O. Box 530092
Atlanta, Georgia 30353
aaron@justiceatwork.com
312-276-9000

Tod Rottman
Atty. No. 6270528
Barrett and Farahany
P.O. Box 530092
Atlanta, Georgia 30353
trottman@justiceatwork.com
312-276-9000